IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER K. DANCER, | ) |
| Plaintiff, | ) 8:07cv54 |
| vs. | ) **MEMORANDUM AND ORDER** |
| MEL WASHINGTON and DOUGLAS COUNTY CORRECTIONS, | ) |
| Defendants. | ) |

This matter is before the court for initial review of the civil rights complaint filed by the plaintiff, Christopher K. Dancer, a prisoner or pretrial detainee in the Douglas County Correctional Center ("DCCC"). Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by confined persons. See, e.g., 28 U.S.C. § 1915A. Similarly, by proceeding in forma pauperis ("IFP"), the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff makes the following allegations in his complaint:

On December 6th, 2006, I, Christopher Dancer was playing a card game with other inmates between 1:15p - 1:25 p. Officer Mel Washington came from behind me, as I was standing up with my back turned towards him[.] [H]e

>pulled my pants down to my ankles. My underwear came down half way as well. I turned around to see Officer Washington laughing at me. At that point I got the Sergeant's attention (Sgt. Merrelle) and notified him of the situation. I wrote a grievance and nothing happened. [T]hen on Dec. 26th [h]e [Washington] worked a half a day in the mod I was in. It seems to me that there wasn't any discipline.

(Filing 1 at page 9 ¶ V.)

The plaintiff admits that he suffered no physical injury. (Filing 1 at page 12 ¶ VI 2.) At most, he claims that he was "harassed, called names, humiliated & embarrassed." (Id. ¶ 3.)

The plaintiff's factual allegations, although assumed to be true at this stage of the litigation, simply do not amount to a violation of the Constitution or laws of the United States. Conduct of a similar character has been held not to violate the U.S. Constitution or federal law. See, e.g., Hawkins v. Holloway, 316 F.3d 777, 785-86 (8th Cir. 2003) ("junior high locker room style male horseplay" constituted misconduct for which there was no constitutional remedy); Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (taking the evidence in the light most favorable to the plaintiff, conduct of prison employees in briefly touching inmate's buttocks, was not sexual assault; touching lasted only seconds, and inmate thought the employees were trying to embarrass him, not rape him).

The plaintiff has described a crude prank. Simply put, the single incident of horseplay described by the plaintiff, does not state a claim of constitutional magnitude. Moreover, I should dismiss the case now because any attempt at amendment would be futile. See, e.g., Stricker v. Union Planters Bank, 436 F.3d 875, 878 (8th Cir. 2006) ("Although leave to amend should be granted freely 'when justice so requires,' it may be denied if an amendment would be futile.") (citations omitted).

THEREFORE, IT IS ORDERED:

1. That the plaintiff's complaint and this action are dismissed for failure to state a claim on which relief may be granted; see 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B); and

2. That judgment will be entered accordingly.

March 27, 2007.                    BY THE COURT:


                                   s/ *Richard G. Kopf*
                                   United States District Judge